UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HALEY BAUDOIN-WILLEM | CIVIL ACTION |
| VERSUS | NO. 23-1272 |
| AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff Haley Baudoin-Willem's unopposed motion to remand.[1] For the following reasons, the Court hereby grants plaintiff's motion.

### I.  BACKGROUND

This case arises from an automobile collision that occurred on June 10, 2021.[2] On that date, plaintiff was allegedly driving eastbound on Jefferson Highway in Jefferson Parish, Louisiana, when William Peterson suddenly merged in front of her, causing plaintiff to strike his vehicle.[3] Plaintiff allegedly suffered "severe and debilitating" personal injuries as a result of the

---

[1]   R. Doc. 4.
[2]   R. Doc. 1-2 ¶ 3.
[3]   *Id.* ¶ 4.

collision.4  Plaintiff thereafter filed a petition for damages against Peterson, Automobile Club Inter-Insurance Exchange, USAA Casualty Insurance Company ("USAA"), and Garrison Property and Casualty Insurance Company ("Garrison") in the 24th Judicial District Court for the Parish of Jefferson.5   Plaintiff then dismissed her claims against Peterson and Automobile Club Inter-Insurance Exchange, leaving only USAA and Garrison as defendants.6

Defendants USAA and Garrison removed the case to this Court.7  In their notice of removal, defendants asserted that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds the $75,000 statutory threshold.8  After defendants removed the case, the Court issued an order requiring defendants to file, within fourteen days, a list of all parties remaining in this action and certain records from the state-court docket.9 Defendants did not comply with the order.

---

4  *Id.* ¶ 4.
5  *Id.* ¶ 1.
6  R. Doc. 1-1.
7  R. Doc. 1.
8  *Id.* ¶¶ 3-4, 7.
9  R. Doc. 3.

2

Plaintiff then moved to remand.[10]  Plaintiff contends that remand is proper because (1) defendants failed to follow the appropriate procedure for removal, and (2) the amount in controversy does not exceed $75,000.[11] Defendants filed a response to plaintiff's motion in which they do not dispute that the amount in controversy is less than $75,000, and represent that the parties intend to file a stipulation regarding the amount in controversy.[12]

The Court considers plaintiff's motion below.

## II.  LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas.*

---

[10]   R. Doc. 4.
[11]   R. Doc. 4-1 at 1.
[12]   R. Doc. 5. As of the date of this Order and Reasons, the parties have yet to file any such stipulation.

3

*Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

### III. DISCUSSION

As a threshold matter, defendants' decision not to oppose plaintiff's motion "alone provides sufficient grounds to remand." *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases); *see also Jackson v. City of New Orleans*, No. 95-1340, 1995 WL 599046, at

\*1 (E.D. La. Oct. 10, 1995) (holding that plaintiff's remand motion "could be granted as unopposed").

Remand is also proper because defendants have failed to meet their burden of establishing that the amount in controversy in this case exceeds $75,000. *See* 28 U.S.C. § 1332(a). This Court's jurisdiction is based on "claims in the state court complaint as it existed at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1994). Because Louisiana law "prohibits plaintiffs from petitioning for a specific monetary amount," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), plaintiff did not cite a specific dollar value in her petition for damages. Accordingly, defendants "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.*; *see also Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (noting that the Fifth Circuit has "modified the usual rule for determining whether the amount in controversy is present" in "Louisiana situations"). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requirement." *Manguno*, 276 F.3d at 723 (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (1999)).

The burden then switches to the plaintiff to show "to a legal certainty that the amount in controversy does not exceed $75,000." *Grant*, 309 F.3d at 869. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 724.

Here, the amount in controversy is not "apparent from the face of the petition." *Id.* Although plaintiff alleges that she suffered "severe and debilitating personal injuries" as a result of the collision,[13] she does not specify in her complaint the nature of those injuries or what medical treatments, if any, she needs to address those injuries. *See Simon*, 193 F.3d at 850 (concluding that it was not "'facially apparent' that the amount of damages would exceed $75,000" when plaintiff generally alleged that she suffered physical injuries and incurred unidentified medical expenses); *cf. Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding that the jurisdictional amount was apparent on the face of the complaint when plaintiff specified in her complaint that she required an emergency ambulance trip and a six-day hospitalization, among other things). Nor have defendants provided any "summary judgment type evidence" demonstrating

---

[13]   R. Doc. 1-2 ¶ 4.

that the amount in controversy exceeds $75,000 in this case.[14] The Court thus grants plaintiff's motion.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion and REMANDS this matter to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this ___9th___ day of June, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14]  R. Doc. 5 at 1.